Daniel M. WEMHOFF, Appellant,

v.

INVESTORS MANAGEMENT CORPORATION OF AMERICA, et al., Appellees.

No. 81-272.

District of Columbia Court of Appeals.

Argued Jan. 26, 1982.

Decided Jan. 24, 1983.

---

Walter H.E. Jaeger, Washington, D.C., for appellant. Daniel M. Wemhoff filed pro se briefs.

Waldemar J. Pflepsen, Jr., Washington, D.C., with whom Lionel E. Pashkoff, Arlington, Va., was on the briefs, for appellees.

Before KERN, NEBEKER and MACK, Associate Judges.

MACK, Associate Judge:

Appellant challenges the trial court's granting of motions for dismissal, with prejudice, and for summary judgment in his action to recover commissions arising out of his sales of tax sheltered annuities. We find the challenge to be well-founded.

In the Superior Court, appellant alleged that on or about February 5, 1974, he became, pursuant to an oral contract, an at-will agent for appellees for the purpose of soliciting and procuring personnel of the Montgomery County Maryland School System as enrollees in an annuity investment program. In return, he was to receive, on an "as earned" basis, a two percent commission on each of the annuity contributions he procured. Appellant further alleged that he was terminated fraudulently and in bad faith by appellees and that, despite his termination and the fact that he had been paid in full up until the time of his discharge, he was, in accordance with representations made by appellees, entitled to compensation arising from contributions from the customers he enrolled "until such time that procured customers terminate[d] and liquidate[d] their programs." He also alternatively alleged that since appellees collected contributions directly from the enrollees for his benefit, a resulting trust in the funds he sought had been created and that, since appellees had retained these contributions, they had been unjustly enriched.

In their answer, appellees admitted the existence of the oral contract. They later moved to dismiss appellant's action, however, as barred by the Statute of Frauds, D.C.Code § 28–3502 1981[1] in that appellant's oral employment contract was not performable within a year and for summary judgment based on both the Statute of Frauds and their assertion that appellant's admissions established that his was a service contract in which no provision was made for commission payments continuing after termination of employment.

Superior Court Civil Rule 12(b) provides that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the

1. The District of Columbia Statute of Frauds states, in pertinent part:

An action may not be brought to charge ... a person upon an agreement made that is not to be performed within one year from the making thereof, unless the agreement upon which the action is brought, or a memorandum or note thereof, is in writing, which need not state the consideration and signed by the party to be charged therewith or a person authorized by him.

pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment .... " As such, we treat the trial court's grants of both motions as a grant of summary judgment.[2]

■ Superior Court Civil Rule 56(c) provides that summary judgment shall be granted if the materials submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See Intercounty Construction Corporation v. District of Columbia,* 443 A.2d 29, 31 (D.C.1982). Thus a function of this court on appeal is to determine whether there existed any issue of fact pertinent to the motions court's ruling. *International Underwriters, Inc. v. Boyle,* 365 A.2d 779, 783 (D.C.1976).

Our review of the Superior Court's grants necessarily involves two issues; first, whether appellees were entitled to interpose the Statute of Frauds as a defense and, second, whether there existed no issues of material fact as to whether appellant was entitled to commissions on contributions by customers procured by him which were received by appellees after his termination. Because, in our view, both questions must be answered in the negative, we reverse.

I. *The Statute of Frauds*

■ In *Hackney v. Morelite Construction, D.C. Corp.,* 418 A.2d 1062 (D.C.1980), this court ruled that the appellee, by stipulating sufficient facts to establish that an agreement was reached, waived his right to assert a Statute of Frauds objection to the enforcement of an oral agreement to purchase real estate. *See also Friedman v. Clark,* 252 Md. 26, 248 A.2d 867 (1969) (Statute of Frauds did not bar the enforcement

of an oral promise that work would be done in a "workmanlike manner" when appellant admitted in a pretrial deposition, later admitted as evidence, that he guaranteed the work); *Trossbach v. Trossbach,* 185 Md. 47, 42 A.2d 905 (1945) (court established and enforced a constructive trust in land for plaintiff's benefit based on an oral agreement when defendant admitted the existence of the oral agreement at trial).

Consistent with these cases, we find that appellees, by admitting the existence of an oral contract in their answer to appellant's complaint, waived their opportunity to interpose the Statute of Frauds as a basis for either a motion to dismiss or for summary judgment. As such, regardless of whether the contract was to be performed within a year, the trial court erred in ruling that appellant's claim was barred by the Statute of Frauds.

II. *Recovery of Commissions*

■ We also find that there existed a genuine issue of material fact as to whether appellant was entitled, pursuant to his oral contract, to commissions on contributions received after his termination.

Appellant alleged in his complaint that appellees had promised him that he would receive commissions on contributions made by persons he enrolled in the annuity program until their participation in the program ended. In their answer, appellees stated that they did not have information sufficient to form a belief as to that allegation and in their motion for summary judgment asserted that appellant's contract did not provide that commission payments would continue after termination. Hence, a genuine issue of material fact was created as to whether the parties agreed that appellant would continue to receive his commissions after termination and summary judgment was inappropriate. *See generally*

---

2. While appellees' motion to dismiss did not specify that it was pursuant to Super.Ct.Civ.R. 12(b)(6), the record reflects that appellees, in conjunction with their withdrawal of a motion to dismiss based on Super.Ct.Civ.R. 41, also filed a 12(b)(6) motion. For purposes of determining our scope of review, we treat appellees' motion to dismiss as made pursuant to Super. Ct.Civ.R. 12(b)(6).

*Home News, Inc. v. Goodman,* 182 Md. 585, 35 A.2d 442 (1944) (under an at will contract which provided for payment of commissions on all advertising secured for a paper by a solicitor so long as the advertisers continued to place advertisements in the paper he was entitled to commissions on advertising received after discharge under contracts he secured before he was discharged).[3]

*Reversed and remanded for proceedings consistent with this opinion.*

---

**3.** Appellees argue that since annuity accounts require constant servicing and supervision and appellant was unable to do so due to his termination, he should not recover commissions for contributions which were received after that termination. In addition, appellant admitted in an affidavit that agents such as himself would consult with enrollees occasionally to ensure that they were complying with Internal Revenue Service guidelines and were satisfied with the program. This discussion, however, begs the issue for if appellees promised that appellant would receive commissions regardless of whether he was available to service his customers, he, thereafter, would be entitled to those commissions.